## D. W. RENCHER v. JACOB AYCOCK.

### *Evidence.*

A party to an action offered in evidence certain letters written by a witness examined in his behalf, shortly after the occurrences which were the subject of controversy, with a view to corroborate the testimony of the witness; upon objection, the Court excluded them unless proof was produced of their identity : *Held*, that, the plaintiff failing to make such proof, the letters were properly rejected.

This is a CIVIL ACTION, which was tried before *Graves, J.,* at February Term, 1889, JOHNSTON Superior Court.

On the trial of issues of fact by a jury, the plaintiff was examined as a witness in his own behalf, and likewise the defendant was so examined in his own behalf. There was much evidence, more or less conflicting. In reply, the wife of the plaintiff was examined as a witness in his behalf. She

testified to material facts.  At the close of her examination, " the plaintiff offered to put in evidence certain papers which he stated to the Court were written by this witness, and proposed to prove by the witness that they were letters which, soon after the occurrences in question as they severally took place (to-wit, the said demands by her husband and refusals by defendant to furnish hands), she wrote and sent to a lady friend of hers living at that time in Pender County, and that in these letters the witness mentioned the said occurrences and related the facts of them exactly, in substance, as they had been testified to by herself and her husband—the plaintiff stating to the Court that the offering of these letters and this evidence was with the view to corroborate this witness, as showing declarations of hers soon after the transactions in question, consistent with her testimony here.

"This evidence was objected to by the defendant.  The Court said, 'properly identified, the letters would be competent, but not otherwise.'  No evidence was given about the letters, and they were not allowed to be read to the jury, and the plaintiff excepted.

" Mrs. Rencher was not cross-examined, and her character was proven and admitted to be good."

There was a verdict and judgment thereupon for the defendant, and the plaintiff, having excepted, appealed.

No counsel for the plaintiff.
*Mr. C. B. Aycock*, for the defendant.

MERRIMON, J.—after stating the case: The plaintiff offered the letters as evidence, saying that he could "prove" them by the witness whom they were intended to corroborate. The defendant objected to such evidence.  The Court did not sustain the objection, but said, "properly identified, the letters would be competent; not otherwise."  Thus, the plain-

tiff was encouraged, but he refused or neglected to identify the letters, as he at first said he could do by the witness before the Court.  Why he did so, does not appear.  He seems to have abandoned his purpose to offer them, perhaps upon the ground that such evidence, generally, is not of much importance, and particularly so in this case, as the witness to be corroborated by it had not been cross-examined, and it appeared—was admitted—that her character was good.  But whatever may have been his motive, he did not act upon the ruling and suggestion of the Court; he did not offer to identify the letters, but after the jury had rendered their verdict adverse to him, he then insisted that he ought to have a new trial because the letters were not admitted ! That they were not, was the *laches* of himself if he could have identified them by the witness named, or otherwise— it was not in any just sense the fault of the Court, for it obviously, in effect, told him he might identify the letters and they would be received.

In our judgment, there is no legal or just ground upon which the exception can be sustained, and it would savor of trifling with a serious matter to allow a new trial for the cause assigned.

Affirmed.